UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOUGLAS BENSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KITTITAS COUNTY, COMMISSIONER BRETT WACHSMITH, COMMISSIONER LAURA OSIADACZ, COMMISSIONER CORY WRIGHT, PROSECUTOR GREGORY ZEMPEL, SHERIFF CLAYTON MYERS, and TREASURER AMY CZISKE,<br><br>　　　　　　Defendants. | NO. 1:23-CV-3149-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER, ETC. |

BEFORE THE COURT are Plaintiff's Emergency Motion for Expedited Preliminary Injunction (ECF No. 2); Motion for Temporary Restraining Order (ECF No. 7); Motion to Strike Appearance of Counsel and Default Judgment (ECF No. 8); and Notice to Immediately Expedite Temporary Restraining Order (ECF

ORDER DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER, ETC. ~ 1

No. 10). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, the motions are **DENIED**.

## BACKGROUND

Plaintiff Douglas Benson is a party in an ongoing code enforcement action in Kittitas County Superior Court. With this federal lawsuit, he seeks to enjoin a warrant of abatement issued by the state court on September 1, 2023. State court litigation about the warrant of abatement is ongoing. Mr. Benson also seeks damages against the County and six elected officials pursuant to 42 U.S.C. § 1983.

Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alterative, abstain pursuant to *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). ECF No. 6. The motion is set for hearing without oral argument on December 15, 2023.

## DISCUSSION

I.   **Temporary Restraining Order / Injunction**

Pursuant to Federal Rule of Civil Procedure 65, a district court may grant a TRO in order to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The analysis for granting a TRO is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush &*

1    *Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). It "is an extraordinary remedy never

2    awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

3         To obtain this relief, a plaintiff must demonstrate: (1) a likelihood of success

4    on the merits; (2) a likelihood of irreparable injury in the absence of preliminary

5    relief; (3) that a balancing of the hardships weighs in plaintiff's favor; and (4) that

6    a preliminary injunction will advance the public interest. *Winter*, 555 U.S. at 20;

7    *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012). Under the *Winter* test, a

8    plaintiff must satisfy each element for injunctive relief.

9         Alternatively, the Ninth Circuit also permits a "sliding scale" approach

10   under which an injunction may be issued if there are "serious questions going to

11   the merits" and "the balance of hardships tips sharply in the plaintiff's favor,"

12   assuming the plaintiff also satisfies the two other *Winter* factors. *All. for the Wild*

13   *Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("[A] stronger showing of

14   one element may offset a weaker showing of another."). "[T]he district court 'is

15   not bound to decide doubtful and difficult questions of law or disputed questions of

16   fact.'" *Int'l Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799

17   F.2d 547, 551 (9th Cir. 1986). In the same vein, the court's factual findings and

18   legal conclusions are "not binding at trial on the merits." *Univ. of Tex. v.*

19   *Camenisch*, 451 U.S. 390, 395 (1981). The moving party bears the burden of

20

ORDER DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY
RESTRAINING ORDER, ETC. ~ 3

persuasion and must make a clear showing of entitlement to relief. *Winter*, 555 U.S. at 22.

### A. Likelihood of Success on the Merits

Plaintiff's main legal theory is that the defendants' conduct was unlawful because Kittitas County has "no official county code." Plaintiff also alleges that oaths of office and official seals completed by public officials and superior court judges are invalid.

The Court can take judicial notice of duly enacted ordinances of Kittitas County. Fed. R. Evid. § 201(b).

Plaintiff's allegation that County officers and state judges do not hold office because of the manner in which they signed their oath of office is meritless.

Plaintiff has not shown that he will succeed on the merits of his claims.

### B. Irreparable Harm

Plaintiff has not shown irreparable harm, especially considering that the matter still is pending in the State courts. According to *Younger v. Harris*, 401 U.S. 37, 44-45 (1971), it appears this Court should abstain from this dispute while it is being litigated in State court. Plaintiff has not shown that this Court should interject itself into ongoing Sate litigation.

### C. Balance of Equities

The equities tip sharply in favor of the County for many of the same reasons

ORDER DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER, ETC. ~ 4

that *Younger* abstention appears appropriate. A temporary restraining order would preclude the County from enforcing its own ordinances and removing nuisance conditions that may pose a health and safety risk to the public. Here, the balancing of equities tips heavily in favor of the evidenced-backed decisions of the government regarding public health and safety measures.

### D. Public Interest

Because the State court has determined that nuisance conditions exist on Plaintiff's property and has ordered they be abated, the public interest favors the Defendants.

## II. Motion to Strike Appearance of Counsel and Default Judgment

Plaintiff contends that counsel for the Defendants cannot represent them and is committing fraud. Following that line of reasoning, Plaintiff seeks default judgment against the Defendants.

Counsel for the Defendants is a licensed and fully qualified attorney in the State of Washington. Counsel timely filed a Motion to Dismiss or Abstain and therefore Defendants are not considered in default.

Plaintiff's Motion is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Emergency Motion for Expedited Preliminary Injunction (ECF No. 2) is **DENIED**.

ORDER DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER, ETC. ~ 5

2. Plaintiff's Motion for Temporary Restraining Order (ECF No. 7) is **DENIED**.

3. Plaintiff's Motion to Strike Appearance of Counsel and Default Judgment (ECF No. 8) is **DENIED**.

4. Plaintiff's Notice to Immediately Expedite Temporary Restraining Order (ECF No. 10) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

DATED October 30, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER, ETC. ~ 6