FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 15, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOUGLAS BENSON,<br><br>           Plaintiff,<br><br>v.<br><br>KITTITAS COUNTY, COMMISSIONER BRETT WACHSMITH, COMMISSIONER LAURA OSIADACZ, COMMISSIONER CORY WRIGHT, PROSECUTOR GREGORY ZEMPEL, SHERIFF CLAYTON MYERS, and TREASURER AMY CZISKE,<br><br>           Defendants. | NO. 1:23-CV-3149-TOR<br><br>ORDER GRANTING JOINT MOTION TO DISMISS |

BEFORE THE COURT is the Joint Motion of Defendants to Dismiss or Abstain.  ECF No. 6.  Plaintiff has not filed a response to the Motion to Dismiss, timely or otherwise.  Plaintiff has filed a proposed Amended Complaint.  ECF No. 18.  This matter was submitted for consideration without oral argument.  The Court

ORDER GRANTING JOINT MOTION TO DISMISS ~ 1

has reviewed the record and files herein and is fully informed. For the reasons discussed below, the motion is to dismiss is **GRANTED**.

## BACKGROUND

Plaintiff Douglas Benson is a party in an ongoing code enforcement action in Kittitas County Superior Court. With this federal lawsuit, he seeks to enjoin a warrant of abatement issued by the state court on September 1, 2023. State court litigation about the warrant of abatement is ongoing. Mr. Benson also seeks damages against the County and six elected officials pursuant to 42 U.S.C. § 1983.

In the mostly incomprehensible Complaint, Mr. Benson alleges harm in three ways. First, he complains that he is being forced to pay property taxes since 2014. Second, he complains that he was kidnapped by a deputy sheriff on September 13, 2019. Third, he complains that he and his family live in fear that the County will enforce the warrant of abatement issued by the Kittitas County Superior Court on September 1, 2023. The Complaint asks this Court to enjoin enforcement of the warrant of abatement. The Complaint asks this Court to "void the [property] tax for my land and soil now and forever[.]" The Complaint also seeks an award of money damages in the amount of $20 million.

Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alterative, abstain pursuant to *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). ECF No. 6.

ORDER GRANTING JOINT MOTION TO DISMISS ~ 2

## DISCUSSION

### I.  Rule 12(b)(6) Dismissal

Defendants move to dismiss Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.  While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

When analyzing whether a claim has been stated, the Court may consider the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (*citing Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  A complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" however "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

All allegations of violations of criminal statutes are dismissed. This is a civil action and Plaintiff does not possess the authority to bring criminal charges. Plaintiff also attempts to set forth a RICO allegation against Defendants in his proposed Amended Complaint. ECF No. 18 at 73-75. The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir.2005). Plaintiff's allegations are grossly deficient in alleging a RICO cause of action. These allegations are dismissed.

Plaintiff also alleges a conspiracy and deprivation of rights under two federal criminal statutes, 18 U.S.C. §§ 241, 242. ECF No. 18 at 75-77. "These criminal provisions, however, provide no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

ORDER GRANTING JOINT MOTION TO DISMISS ~ 4

The statute of limitations for actions brought under 42 U.S.C. § 1983 in Washington is three years. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). Accordingly, all § 1983 claims predating three years from the filing of the Complaint are dismissed.

Plaintiff's allegations are insufficient to state a viable claim under 42 U.S.C. § 1983. Section 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991) (emphasis and brackets in the original), *abrogated in part on other grounds*, *Farmer v. Brennan*, 511 U.S. 825 (1994); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Id*. To

1  establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating
2  how each Defendant caused or personally participated in causing a deprivation of
3  Plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981);
4  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges insufficient
5  facts to support his § 1983 actions against any Defendant.

6  Plaintiff complains that the government officials have not properly taken
7  their oaths of office and that Kittitas County is a racketeering enterprise. These
8  allegations are frivolous and are dismissed.

9  **II.    *Younger v. Harris* Abstention**

10  *Younger* abstention is grounded in a "longstanding public policy against federal
11  court interference with state court proceedings." *Younger*, 401 U.S. at 43. The
12  Supreme Court has "identified two sources for this policy: the constraints of equity
13  jurisdiction and the concern for comity in our federal system." *Herrera v. City of
14  Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019) (citation omitted). Most
15  importantly, *Younger* abstention permits federal courts to "preserve respect for
16  state functions such that the national government protects federal rights and
17  interests in a way that will not 'unduly interfere with the legitimate activities of the
18  States.'" *Id*. (citation omitted). To warrant *Younger* abstention, a state civil action
19  must be (1) "ongoing," (2) "implicate important state interests," and (3) provide
20  "an adequate opportunity ... to raise constitutional challenges." *Id*. at 1044

(citations omitted).

The Ninth Circuit in *Herrera* held, "[w]e are satisfied that the state nuisance enforcement action brought by the City against Bill Herrera and Palmdale Lodging is a civil enforcement proceeding within the scope of the *Younger* doctrine." *Id*. at 1045.

Here, the state civil enforcement action meets all these requirements so this Court must also abstain.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Joint Motion of Defendants to Dismiss or Abstain, ECF No. 6, is **GRANTED**. Plaintiff's Complaint is **DISMISSED**.

2. Plaintiff's Motion for Leave of Court to Amend Complaint, ECF No. 19, is **DENIED as inadequate and moot**.

The District Court Executive is directed to enter this Order and Judgment, furnish copies to the parties, and CLOSE the file.

DATED December 15, 2023.



THOMAS O. RICE
United States District Judge