UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOUGLAS BENSON,<br><br>                Plaintiff,<br><br>   v.<br><br>KITTITAS COUNTY, COMMISSIONER BRETT WACHSMITH, COMMISSIONER LAURA OSIADACZ, COMMISSIONER CORY WRIGHT, PROSECUTOR GREGORY ZEMPEL, SHERIFF CLAYTON MYERS, and TREASURER AMY CZISKE,<br><br>                Defendants. | NO. 1:23-CV-3149-TOR<br><br>ORDER DENYING MOTION TO SET ASIDE JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion to Set Aside Judgment. ECF No. 27. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, the motion is **DENIED**.

ORDER DENYING MOTION TO SET ASIDE JUDGMENT ~ 1

The underlying facts are set forth in the Court's Order of Dismissal. ECF No. 24. Plaintiff Douglas Benson contends the Court did not read his filings and therefore the matter should not have been dismissed.

A motion for reconsideration of a judgment may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to alter or amend a judgment. *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quotation marks and citations omitted); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised

earlier in the litigation."). Evidence available to a party before it files its opposition is not "newly discovered evidence" warranting reconsideration of summary judgment. See *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985).

As a rule, a court should be loath to revisit its own decisions in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988).

Here, Plaintiff contends the Court granted the motion to dismiss without reading Plaintiff's responses. Plaintiff is wrong. The Court reviewed the entire file and ruled according to the law. The Court's ruling of dismissal stands according to the reasoning given at ECF No. 24.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion to Set Aside Judgment, ECF No. 27, is **DENIED**.

The District Court Executive is directed to enter this Order, furnish copies to the parties, and the file remains **CLOSED**.

DATED January 12, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO SET ASIDE JUDGMENT ~ 3